# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-072V
Filed: March 1, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MADELINE WUNDER,

Petitioners,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOT TO BE PUBLISHED

**Special Master Zane**

Stipulation; attorneys' fees and costs

*Christine A. Tennyson*, Tennyson Law Offices, Brockton, MA, for Petitioners;
*Darryl R. Wishard*, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 1, 2013, the parties in the above-captioned case filed a Stipulation of Facts Regarding Attorneys' Fees and Costs (Stipulation) memorializing their agreement as to the appropriate amount of attorneys' fees and costs in this case. After informal discussions with Respondent, Petitioner requests a total award of $15,327.13. In accordance with General Order #9, Petitioner's counsel represents that Petitioner incurred no personal litigation costs. In accordance with 42 U.S.C. § 300aa-15(e), the undersigned awards the amount to which Respondent does not object.

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. If the Special Master, upon review, agrees that the identified material fits within the banned categories listed above, the Special Master shall redact such material from public access. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

Petitioner, Madeline Wunder, alleges that she suffered gastrointestinal symptoms, muscle weakness and polyneuropathy, Guillain-Barré syndrome ("GBS"), and red, raised, maculopapular rashes on her chest and back that were caused in fact by her receipt of the human papillomavirus ("HPV") and the meningococcal ("Menactra") vaccines which she received on or about February 9, 2009. A decision awarding compensation based upon the parties' stipulation was entered on December 10, 2012.

Although Respondent did not concede the claim, the parties, nonetheless, settled the matter, and an award of compensation was made. Because Petitioner has been awarded compensation, Petitioner is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned also finds that the stipulated amount of $15,327.13, in attorneys' fees and costs, is reasonable based on the stage at which this matter was settled. Based on the request's reasonableness and pursuant to Vaccine Rule 13, the undersigned **GRANTS** the parties' request as outlined in the Stipulation. The judgment shall reflect that Petitioner is awarded attorneys' fees and costs as follows:

> **in a check made payable jointly to Petitioner (Madeline Wunder) and Petitioner's counsel (Christine A. Tennyson, of the law firm Tennyson Law Offices), the amount of $15,327.13.**

The court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/ Daria Zane
Daria J. Zane
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.